AUSTIN BRIDGE COMPANY, Appellant,

v.

Ben M. POLANCA, Appellee.

No. 3286.

Court of Civil Appeals of Texas.

Eastland.

March 8, 1957.

M. Hendricks Brown and Walter E. Jordan, Ft. Worth, for appellant.

Hartman Hooser, Big Spring, Warren Burnett, Odessa, for appellee.

LONG, Justice.

This suit was instituted by Ben Polanca against Austin Bridge Company to recover damages for personal injuries sustained by him in Borden County, Texas, on December 14, 1954. Defendant filed a plea of privilege to be sued in Dallas County, the county of its residence. Plaintiff controverted said plea and sought to sustain venue in Borden County under Subd. 9a of Article 1995, Vernon's Annotated Civil Statutes. Defendant has appealed from an order overruling the plea of privilege.

On the fourteenth day of December, 1954, defendant, working in connection with its subcontractor, Winn Pipe Line Service Company, was engaged in installing equipment at Lake J. B. Thomas in Borden County. The equipment being installed was a pump or generator weighing approximately 7,000 pounds. To elevate the pump and put it in place defendant was using a mechanical device known as a crane. After the crane started to raise the pump a wire line broke which caused the boom on the crane to fall and strike the plaintiff, whereby he was injured. Plaintiff on that occasion was an employee of Winn Pipe Line Service Company. Plaintiff alleged that Deavers, defendant's employee who was directing the operation of defendant's crane, was negligent in (1) failing to keep a proper lookout, (2) failing to warn plaintiff that the load to be lifted was in excess of an amount which could be safely handled by the crane, (3) attempting to lift the pump when he knew the crane could not safely elevate such a load and (4) failing to warn plaintiff that the crane could not safely handle the pump. The defendant contends there is no evidence, or at least the evidence is insufficient to support the implied finding of the trial court that its employee was guilty of negligence proximately causing plaintiff's injury. After a careful consideration of the evidence, we have concluded that this contention should be sustained. Exception 9a expressly provides that:

"The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

The evidence is undisputed that the accident occurred because the clamp or eye connecting two cables on the crane broke. The evidence shows that this was a "smooth, or clean break". There is evidence that the employees of the defendant had inspected the equipment three days before the accident and had found no defects in it. There is no evidence that the employees of defendant knew of any defect in the equipment. There is evidence that the crane had on prior occasions successfully handled heavier loads than the one it was lifting when the accident occurred. Plaintiff testified that at the time he was injured he was on one side of the pump and Deavers was on the other; that he couldn't see Deavers at that time and that he didn't "imagine" Deavers could see him. Plaintiff further testified that he was directed to stay at the place where he was when he was injured by the foreman of his employer

Winn Pipe Line Service Company for the purpose of removing blocks from underneath the pump. There is no evidence that Deavers knew that plaintiff was near the crane until after he was injured. The evidence is insufficient to prove any of the alleged several acts of negligence on the part of the employee of the defendant. The proof that an accident occurred is not of itself evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Davis v. Castile, Tex.Com.App., 257 S.W. 870.

Plaintiff failed to prove the necessary venue facts set forth in the statute and it therefore becomes our duty to reverse the judgment of the trial court. The view we take of this case renders it unnecessary for us to pass on the other point raised by the defendant. The case appears to have been fully developed. There is no showing that there are any facts available which were not presented on the hearing of the plea of privilege. The order appealed from is reversed; defendants plea of privilege is sustained and the cause ordered transferred to a District Court of Dallas County.