**H. B. ZACHRY COMPANY, Appellant,**

v.

**W. E. RUCKMAN, Appellee.**

**No. 13786.**

Court of Civil Appeals of Texas.

San Antonio.

June 21, 1961.

Beckmann, Stanard, Wood & Vance, Richard C. Keene, Johnson, Hite & Callender, San Antonio, for appellant.

H. H. Schuenemann, Kenedy, for appellee.

BARROW, Justice.

This is a venue case and concerns Section 9a, Article 1995, Vernon's Ann.Civ.Stats. The suit was brought by appellee, W. E. Ruckman, against appellant, H. B. Zachry Company, for damages for the loss of three head of cattle alleged to have bogged down in a slush pit and died. Appellee was the lessee of a grazing lease on a tract of land in Bee County, Texas, by verbal lease, from year to year, for some twenty years, and had cattle running on the land. It was alleged that during the years 1955 and 1956 certain wells were drilled on the land for oil production by Gasoline Production Company, a corporation, which corporation is alleged to now be merged with appellant corporation. It is further alleged that appellant did not cover the slush pits created in drilling said wells and that about September 1, 1958, said pits became filled with water and as a result three of appellee's cows bogged down in said pits and died. It was further alleged that appellant's oil, gas and mineral lease, with reference to the digging of said pits, provided that the surface must be placed in as good condition as received by lessee. The petition further alleged that appellant was negligent in failing to cover said pits. and that such negligence was the proximate cause of the death of said cattle.

Appellant filed its plea of privilege to be sued in Bexar County, Texas, and appellee controverted the plea, relying upon Subdivision 9a, Article 1995, Vernon's Ann.Civ

Stats. The trial court, after a hearing, overruled the plea of privilege. This appeal is from that judgment.

Appellant predicates the appeal upon one point. That there is no evidence to support the judgment overruling the plea of privilege and particularly that the evidence fails to show any act of negligence on the part of appellant, or that such negligence was the proximate cause of appellee's damages. The point must be sustained. The record is before this Court on an agreed statement of facts, as provided in Rule 378, Texas Rules of Civil Procedure. The only witness who testified in the case was appellee, who testified that he thought the drilling operations were conducted in the year 1955, that he could see the operations but did not know who was doing the drilling, that during this time the weather was very dry but that in 1957 there was normal or above normal rainfall, and four of his cows bogged down in the slush pit and died. "Later, I found out who drilled the well." The only evidence which might tend to connect appellant with the case in any respect is the following testimony of appellee:

"I wrote the Gasoline Production Company, which is now owned by H. B. Zachry Company, and after my second letter someone came down to see me about my loss. I showed him some of the bones of the dead cattle and a man named Wilkerson came down and looked over the pit. The slush pit is not covered up to this very day. I believe someone else came by, but I do not know who it was."

The oil, gas and mineral lease is not in evidence, nor is any assignment or other document which would connect appellant with the lease or the operations thereof. There is no evidence that appellant had anything to do with the drilling, the creation of the slush pit, or that it even owned the lease or had anything to do with its operation at the time, or at the time appellee's cattle were lost. Thus, the evidence fails to show any act of negligence of appellant, its

agents, servants or employees, and there is no evidence showing that appellee's damage was proximately caused by any act of appellant, its agents, servants or employees. The trial court, therefore, erred in overruling appellant's plea of privilege. Austin Bridge Company v. Polanca, Tex.Civ.App., 300 S.W.2d 173.

The judgment is reversed and the cause remanded with instructions to transfer the case to the County Court of Bexar County, Texas, in accordance with Rule 89, T.R.C.P.