**Joel Henry SKIDMORE, Appellant,**

v.

**Estella FINLEY, Appellee.**

**No. 16608.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 5, 1965.

Lyne, Blanchette, Smith & Shelton, Erich F. Klein, Jr., and Robert T. Gowan, Dallas, for appellant.

Yarborough, Yarborough & Johnson, and Roger L. Turner, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This appeal involves a venue question under Subdivision 9a of Art. 1995, Vernon's Ann.Civ.St. Estella Finley brought this action in the District Court of Kaufman County, Texas against Joel Henry Skidmore, Continental Trailways Bus System, Trans-Continental Bus System, Inc., Mrs. Lena Marie Phillips and Glenn Wesley Phillips, alleging that while plaintiff was a passenger in a Continental Trailways Bus driven by Joel Henry Skidmore, she sustained personal injuries when the bus collided with an automobile driven by Glenn Wesley Phillips in Kaufman County, Texas. The defendant, Joel Henry Skidmore, a resident of Dallas County, Texas, timely filed his plea of privilege to be sued in said county. Plaintiff controverted the plea alleging the exception contained in Subdivision 9a of Art. 1995, V.A.C.S. The trial court, after hearing the plea without a jury, rendered judgment overruling same. Findings of fact and conclusions of law were neither requested nor filed.

By two points of error appellant urges that the trial court erred in overruling his plea of privilege because appellee did not meet the burden of showing by preponderance of the evidence that appellant was negligent and that such negligence was a proximate cause of the collision which resulted in appellee's injuries.

In order to bring the case within the exception of the venue statute, Subdivision 9a of Art. 1995, V.A.C.S. it was encumbent upon appellee to establish by a preponderance of the evidence that there was an act of negligence which occurred in Kaufman County, Texas; that such negligence was caused by the appellant Joel Henry Skidmore; and that such negligence was the proximate cause of appellee's injury. Appellant takes the position that the evidence in this case does nothing more than establish that an accident occurred and that under the rule established in Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W. 2d 195, the occurrence of an accident or a collision is not of itself evidence of negligence. Appellant also relies upon such cases as Bart DeLatt & Associates, Inc. v. Knight, Tex.Civ.App., 369 S.W.2d 65; Arnett v. Thomas, Tex.Civ.App., 386 S.W.2d 815; Austin Bridge Co. v. Polanca, Tex. Civ.App., 300 S.W.2d 173; and Conner v. Chatman, Tex.Civ.App., 272 S.W.2d 136.

While we recognize that the decision in each of these cases relied upon by appellant is correct as applied to the factual situation in each of said cases, we do not believe that they are controlling of the factual situation presented by this record.

The testimony in this case reveals that the accident occurred on Highway 80 at a point approximately four miles West of Terrell, in Kaufman County. At that point Highway 80 is a four-lane highway running generally East and West. Both the bus driven by Skidmore, and in which appellee was riding as a passenger, and the automobile driven by Phillips, were traveling in a westerly direction on the highway. The automobile was traveling in front of the bus. Phillips testified that he was driving on the right hand side, or right lane, of the highway at about 55 miles per hour; that it was approximately 10:00 o'clock at night; that he had no warning whatsoever when

suddenly the bus drove into the back end of his automobile. He did not know how fast the bus was going at the time it struck his automobile. He did not hear any brakes screech or anything like that before the collision; that he did not change lanes prior to the collision in question. Appellant Skidmore, in response to written interrogatories, stated that he was driving the bus in a westerly direction on U. S. Highway 80 in the lane nearest the median strip of said four-lane highway when an automobile also proceeding in a westerly direction, suddenly commenced a turn from the right hand or outside lane of said highway and moved into the lane directly in front of the bus which he was operating; that the car in making such a sudden turn in front of the bus caused the collision between the two vehicles.

 It is our opinion that appellee did fulfill her burden to bring her case within the exception of the venue statute. In the absence of findings of fact or conclusions of law the judgment implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support same, and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614, 5 A.L.R.2d 963; Lamb v. Ed Maher, Inc., Tex.Civ.App., 368 S.W.2d 255; Texas Sanitation Co. v. Marek, Tex.Civ.App., 381 S.W.2d 710; Pittsburgh Plate Glass Co. v. Bragg, Tex.Civ.App., 383 S.W.2d 623.

 Appellee had pleaded that appellant had been guilty of negligence in failing to keep a proper lookout; failing to make proper application of his brakes so as to avoid the collision; and in operating the bus at an excessive rate of speed. Each of these issues was raised by the testimony, both direct and circumstantial. The court chose to believe the testimony of Phillips and not believe that of appellant. The testimony was conflicting and the court had the right to resolve such conflict and make the implied findings. Since there was some evidence of probative force to support the implied findings we shall not disturb them on appeal.

Appellant's points are overruled and the judgment of the trial court is affirmed.

Affirmed.