**BOOTS, INC. d/b/a You Betcha Boots, Appellant,**

v.

**TONY LAMA CO., INC., et al., Appellees.**

No. 8293.

Court of Civil Appeals of Texas, Beaumont.

July 12, 1979.

Robert W. Swanson, Austin, for appellant.

J. Patrick McDowell, Dallas, for appellees.

KEITH, Justice.

The appeal is by writ of error from a default judgment; and, since the perfection of the appeal and the filing of the briefs, the appealing corporation has taken refuge in bankruptcy and is now represented upon this appeal by the trustee whose counsel argued upon submission of the cause.

We have no statement of facts and the court reporter has certified that she did not attend the trial and can find no record of the evidence introduced upon the hearing. Additionally, we are confronted with an attack upon the sufficiency of the account. The complaint as to the account is well taken. The alleged "account" consists of photocopies of some thirty-three pages of computer print-out sheets composed almost exclusively of numerals, most of which are illegible.[1]

A series of recent cases by our Supreme Court has simplified our task in reviewing appeals from default judgments where there is no statement of facts available to the appellant. In *Smith v. Smith*, 544 S.W.2d 121, 122 (Tex.1976), a party who had answered but who failed to appear at the time of trial, appealed by writ of error. Since no statement of facts was available, the judgment was reversed and the cause remanded.

*Smith* was followed in *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978), which called

attention to the earlier case of *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd), wherein the court held that an appellant is not required to undertake to agree with his adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case against him in order to obtain a statement of facts.

Clearly, our defendant has been denied a statement of facts for use upon appeal through no fault of its own. But, plaintiffs contend that we should affirm because the suit is upon a sworn account and there has been no sworn denial of its justness filed even yet. Even a cursory reading of the alleged "account" [see note 1, supra] demonstrates the fallacy of the position taken. We faced a similar contention in *Biscamp v. Zeno Carpet Co.*, 473 S.W.2d 218, 220 (Tex. Civ.App.—Beaumont 1971, no writ), and held that the "account" did not meet the requirements of *Tex.R.Civ.P. 185* under the authorities cited.[2]

We make application to the *Biscamp* rule in this case. See also *Juarez v. Dunn*, 567 S.W.2d 223, 226 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). We say, as did Justice Ward in *Benthall v. Goodwin*, 498 S.W.2d 510, 512 (Tex.Civ.App.—El Paso 1973, no writ):

"There is no evidence explaining the accounting, and we can only guess at the meaning of the entire exhibit."

We do not have even the single item noted by Justice Ward beyond which he was lost.

A brief survey of the background of *Rule 185* may be helpful in understanding the problems confronting an attorney seeking

---

1. As an example, we quote from page 8 of the transcript, being one of the few better and partially legible pages, wherein an invoice dated April 29, 1977, is to be found. It has an invoice number and is addressed to the defendant in Austin. It is in tabular form and we quote:

| "Style | Description | Quantity | Price | Extension |
|--------|-------------|----------|-------|-----------|
| 41R3 | [blank] | 1 | 18.55 | 18.55 |
| 41R3 | [blank] | 7 | 19.25 | 134.75 |
| 41R3 | [blank] | 6 | 20.60 | 123.60 |

"You may deduct this amount if paid within the terms of the invoice $.53    [Total]    276.90"

2. *Biscamp* was cited in Tomasic & Kieval, "Sworn Accounts and Summary Judgment Proceedings", *17 S.Tex.L.J. 147, 157–58 (1976)*, where several deficient "accounts" are discussed.

to recover upon a sworn account for merchandize delivered to a defendant when he must rely upon computer print-out sheets composed almost exclusively of numerals.

*Rule 185* was brought forward from the statutes, unchanged, where it had formerly been *Tex.Rev.Civ.Stat.Ann. art. 3736 (1926)*, and the books disclose that the statute had not been amended since 1883. *9 H. Gammel, Laws of Texas 416 (1898)*. Thus, we have a rule designed to facilitate disposition of litigation under pen and ink bookkeeping techniques of the nineteenth century now governing space-age computerized accounting systems.

Courts are required to follow the rules laid down for the guidance of the lawyers and the litigants. If the clients insist, as they have the perfect right, to go to a system of bookkeeping which is incompatible with the rules governing litigation, such enterprises have two options: (a) they may translate their computerized records into the form required by *Rule 185* and the many cases construing the rule and the earlier statute; or (b) they can seek a revision of the rule by appropriate amendatory procedures. They should be well advised, however, that until they successfully follow one or the other alternatives, they cannot expect relief in court when their "accounts" are challenged.

We simply follow the well-trod path and find the "account" presented below was insufficient to support a recovery under *Rule 185*, and that there is no statement of facts available to the defendant whereby it may challenge the sufficiency of the evidence. Under these circumstances, we have no alternative but to reverse the judgment of the trial court and remand the cause for a new trial; and, it is so ordered.

**REVERSED and REMANDED.**