Randy WARD, Appellant,

v.

Harris H. JOHNSTON, Jr., Appellee.

No. B2267.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1980.

Carroll J. Boudreaux, Law Office of Carroll J. Boudreaux, Houston, for appellant.

Terry G. Collins, Doherty, Vela, Poser, Sears & Collins, Houston, for appellee.

Before COULSON, JUNELL and SALAZAR, JJ.

JUNELL, Justice.

Appellant, defendant in the court below, claims error in the trial court's granting plaintiff's motion for summary judgment on a sworn account. Plaintiff had performed accounting services for defendant and filed a sworn petition attaching an invoice for such services. Defendant filed a general denial. Plaintiff moved for summary judgment, and defendant then filed a sworn general denial. Summary judgment was granted that plaintiff recover the invoice amount plus attorney's fees. Defendant appeals claiming that plaintiff's petition was insufficient under Tex.R.Civ.P. 185 to support judgment on the pleadings. We agree, and the judgment is reversed and remanded.

The invoice attached to plaintiff's petition demanded payment for services totaling $3,005.50. The largest portion of that amount was listed as follows:

For services rendered from January 19, 1978 thru February 28, 1978. . . . $2,650.00

No further summary judgment proof was provided to explain the claim; thus, the invoice must stand alone to determine if plaintiff's proof was sufficient.

Tex.R.Civ.P. 185 is a rule of evidence which, when its requirements are met, allows a party to establish a prima facie case of indebtedness on the sworn pleadings and affidavits. The Rule states that the claim for goods or services must be systematically recorded, and the cases construing this requirement have held that the account must be itemized in detail to insure certainty. The court in *Unit, Inc. v. Ten Eyck-Shaw, Inc.*, 524 S.W.2d 330 (Tex.Civ.App.-Dallas 1975, writ ref'd n. r. e.), held that the account must show on its face with reasonable certainty the nature of each item sold, the date of each sale and the reasonable charge therefor. Speaking specifically of personal services, the court in *Juarez v. Dunn*, 567 S.W.2d 223 (Tex.Civ.App.-El Paso 1978, writ ref'd n. r. e.), stated that " . . . a plaintiff should swear to a systematic record of all charges and payments, entered in regular sequence, before he would be entitled to the benefits of the Rule . . . " The court held that the record should clearly identify the nature of the items constituting the sworn account, particularly in a suit for personal services. The El Paso Court denied relief to the architect plaintiff because his was a claim for personal services stating an amount due with no other itemization.

We hold that plaintiff appellee's proof lacks sufficient itemization to entitle him to the summary relief available under Rule 185. Because plaintiff failed to prove a prima facie case by his pleadings, appellant's general denial was sufficient to put into issue all material facts alleged. Plaintiff's failure to demonstrate as a matter of law the lack of material fact issues precludes the rendition of summary judgment in his favor. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

Appellee Johnston has defended this appeal on the sole ground that appellant's failure to respond to the motion for summary judgment by written response precludes his raising any issue on appeal. He cites as authority Tex.R.Civ.P. 166-A, and the recent Texas Supreme Court case of *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). This court has met this issue in the case of *Houchins v. Scheltz*, 590 S.W.2d 745 (Tex.Civ.App.-Hous-

ton [14th Dist.], 1979, *reh. den. with op.* Nov. 28, 1979), where we interpreted the Rule and the supreme court case to allow an attack such as appellant makes in this case. The supreme court in *City of Houston* recognized that the movant for summary judgment must still establish his entitlement thereto by conclusively proving all essential elements of his action or defense as a matter of law. The court stated that ". . . the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment." 589 S.W.2d at 678.

Thus, while it would have been prudent for appellant to file a written response in opposition to appellee's motion for summary judgment, such was not an essential step to preserve the error claiming that appellee's proof was insufficient as a matter of law.

Appellant's points claiming insufficiency of appellee's summary judgment proof are sustained, and the judgment of the trial court is reversed and remanded.