**Harold George HAECKER, Individually and as Independent Executor of the Estate of Marcella H. Haecker, Deceased, Appellant,**

v.

**SANTA ROSA MEDICAL CENTER, Appellee.**

**No. 16512.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 17, 1980.

Charles E. Blackley, Bartram, Reagan, Burrus & Dierksen, New Braunfels, for appellant.

Joseph Y. Stateson, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

Santa Rosa Medical Center brought action to recover $11,103.80, plus interest, which it alleged was due from Harold Haecker for medical goods and services furnished to his wife, Marcella H. Haecker. The hospital's action was based on a sworn account as authorized by Rule 185 of Texas Rules of Civil Procedure, and attached to the petition was a 17-page exhibit which attempted to itemize the goods, wears, merchandise, materials and labor which had been furnished to Mrs. Haecker. Mr. Haecker did not file a sworn denial of the account in the form prescribed by the provisions of Rule 185 and after a hearing, the trial court granted the hospital's motion for summary judgment.

The only question presented to us by this appeal is whether the account sued upon by

the hospital is sufficiently stated to constitute prima facie evidence of a sworn account under Rule 185. We have concluded that it does not and, therefore, the judgment of the trial court is reversed and the cause remanded for a trial on the merits.

■ The account must show upon its face with reasonable certainty the nature of each item sold, the date of each sale and the reasonable charges therefor, in order to support a summary judgment on a sworn account under Rule 185. *Boots, Inc. v. Tony Lama Co., Inc.*, 584 S.W.2d 583 (Tex. Civ.App.—Beaumont 1979, no writ); *Unit, Inc. v. Ten Eyck-Shaw, Inc.*, 524 S.W.2d 330 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.); *Biscamp v. Zeno Carpet Company*, 473 S.W.2d 218 (Tex.Civ.App.—Beaumont 1971, no writ).

The exhibit attached to the hospital's petition is 17 pages long, and lists approximately 800 separate items over a 22-day period. Under the heading "Description of Charge," the following items are typical examples of the entries which appear:

MISCELLANEOUS CHARGE C/S
V.D.R.L.
C.P.K.
PTT
5% DEX 1000
SENSITIVITY
CULTURE DEFINITIVE
KEFZOL 1 GM INJ.
CHEST PA
CO2, COMBINING POWER
KIT REG–U–VAC 14 FR BARD–PARKER
LDH LACTIC DEHYDROGENASE
SET VOLU–TROLE–B 150ML 816–11
CUTT
CONTINUOUS VENTILATION–1
0.9%SOD.CHL.INJ.500ML.V/F
D5W P/F 50ML
KC1 20 MEQ 10CC
ISOLATION PACK
TRAY BLADDER CARE W/CATH 16F
89601
SET INSTRUMENT NON–DISPOSABLE C/S
5% DEX 0.45% SOD CL 1000
AUSTRALIAN ANTIGEN—RIA

50% DEXTROSE ABB/JECT 50C

■ The hospital's pleadings contain no key to abbreviations, or other explanation of the meaning of the items listed. We hold that the account is insufficient on its face to constitute a sworn account and cannot support a summary judgment. Texas courts have uniformly rejected the contention that such technical notations sufficiently identify items sold under a sworn account. *Sherman v. Philips Industries, Inc.*, 560 S.W.2d 154 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.); *Hassler v. Texas Gypsum Company, Inc.*, 525 S.W.2d 53 (Tex.Civ.App.—Dallas 1975, no writ); *U. S. Insulation Sales Corp. v. Jones-Blair Company*, 491 S.W.2d 226 (Tex. Civ.App.—Dallas 1973, no writ); *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.2d 168 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ); *Becker, Smith & Page v. Wm. Cameron & Co., Inc.*, 22 S.W.2d 951 (Tex.Civ.App.—Waco 1929, writ dism'd).

The problem in the present case is pointed out by Justice Keith in *Boots, Inc. v. Tony Lama, Inc., supra*, as follows:

Courts are required to follow the rules laid down for the guidance of the lawyers and the litigants. If the clients insist, as they have the perfect right, to go to a system of bookkeeping which is incompatible with the rules governing litigation, such enterprises have two options: (a) they may translate their computerized records into the form required by *Rule 185* and the many cases construing the rule and the earlier statute; or (b) they can seek a revision of the rule by appropriate amendatory procedures. They should be well advised, however, that until they successfully follow one or the other alternatives, they cannot expect relief in court when their "accounts" are challenged.

584 S.W.2d at 585.

The judgment of the trial court is reversed and the cause remanded.