Louis D. GALLINI and Gallini and
Associates, Inc., Appellants,

v.

Jimmy WHELAN d/b/a W–W
Services, Appellee.

No. 16636.

Court of Appeals of Texas,
San Antonio.

Nov. 18, 1981.

James L. Elliott, Jr., Kerrville, for appellants.

1. Plaintiff amended his petition at trial to sue both Louis D. Gallini, individually, and Gallini and Associates, Inc.

Donald C. Oehler, Ingram, for appellee.

Before CADENA, C. J., and KLINGE-MAN and ESQUIVEL, JJ.

OPINION

KLINGEMAN, Justice.

This is a suit brought by Jimmy Whelan d/b/a W–W Services on a sworn account against defendant, Louis D. Gallini [1] for an amount alleged due for services rendered by plaintiff to defendant in connection with certain improvements made to property owned by defendant situated in Kerr County, Texas. Defendant filed a plea of privilege to be sued in the county of his residence, Dallas County, and an answer consisting of special exceptions and a general denial. Plaintiff filed a controverting affidavit to the plea of privilege asserting that venue is proper in Kerr County.[2] He also filed a Motion for Summary Judgment alleging that the answer filed by defendant was insufficient in law to raise any defense to plaintiffs cause of action, and that there was no genuine issue of any material facts. After a hearing the trial court overruled defendant's plea of privilege and granted plaintiff's motion for summary judgment.

We will first consider defendant's contention that the trial court erred in overruling its plea of privilege. We deem it necessary to fully set forth the applicable background pertaining to the plea of privilege. Plaintiff originally sued Louis D. Gallini, individually. Defendant filed a plea of privilege to be sued in the county of his residence, Dallas County, Texas. Plaintiff filed a controverting affidavit asserting that the action was brought as a suit on a sworn account and that venue is proper in Kerr County, Texas under the provisions of subdivision 5, art. 1995. Tex.Rev.Civ.Stat.Ann.

2. Plaintiff originally relied on subdivision 5 of article 1995, but as hereinafter set forth after the realignment of parties, and amendment of pleadings, plaintiff then relied on subdivision 23 rather than subdivision 5.

art. 1995, subd. 5 (Vernon Supp. 1980–1981). Thereafter, the trial court set a hearing on both the plea of privilege and the motion for summary judgment for the same date. On the date of setting, the court first held a hearing on the plea of privilege. During the hearing it was brought to the court's attention that the defendant was doing business as Gallini & Associates, Inc. Defendant asked leave of the court to amend his pleadings to assert that defendant was not being sued in the proper capacity and was not liable in the capacity sued. Plaintiff stated that he had no objection to accepting such an amendment. At this time, by agreement of all parties, the pleadings were changed considerably. Plaintiff's petition was changed so as to sue both Louis D. Gallini, individually, and Gallini & Associates, Inc. Plaintiff was allowed to amend his motion for summary judgment accordingly. Plaintiff was allowed also to amend his controverting plea so as to assert subdivision 23 of article 1995. *Id.* subd. 23 (Vernon 1964). All the changes and pleadings were done with the acquiescence of all the parties and the approval of the court. All applicable pleadings were amended to reflect the new party alignment.[3]

The portion of subdivision 23 here applicable reads as follows: "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action of part thereof arose; . . . ." *Id.* subd. 23 (Vernon 1964).

While much of the statement of facts consists of a discussion between the court and the attorneys for the parties, testimony was heard at the hearing. The record shows that the oral contract was made and entered into in Kerr County, Texas; the work (construction of houses) was done in Kerr County; plaintiff never went to Dallas to see defendant; the payee on the checks given to plaintiff was Gallini & Associates, Inc.; defendant was paid on the job in Kerr County; and defendant was working on the job in Kerr County, Texas. There was also testimony that before the work was completed plaintiff was relieved of further work on the job. Plaintiff testified that he was never paid in full for all the work he had done.

The judgment of the trial court contains both the order overruling the plea of privilege and the judgment sustaining plaintiff's motion for summary judgment. The hearing on the plea of privilege was before the court without a jury. The order overruling the plea of privilege recites that the court considered the pleadings, evidence, and argument of counsel and was of the opinion that the plea of privilege should be overruled. There are no findings of fact or conclusions of law.

The trial court's order overruling defendant's plea of privilege did not state the grounds upon which the plea was overruled. There being no findings of fact or conclusions of law and no grounds stated in the trial court's order, the judgment must be affirmed if the petition and proof brings the case within any exception to exclusive venue. The appellate court must assume that the trial court based its action on the pleadings and proof presented by the plaintiff in opposition to the assertion by the defendant of his privilege. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935); *Connor v. Texas Bank & Trust Co.*, 259 S.W.2d 901 (Tex.Civ.App.—Texarkana 1953, no writ). Every issue sufficiently raised by the testimony must be resolved in support of the judgment. *Adams v. Corbin*, 301

3. In summary, plaintiff's original petition was amended to show as defendants, Louis D. Gallini and Gallini & Associates, Inc. Defendant's plea of privilege and original answer was amended to indicate that the defendant and Gallini & Associates, Inc. have answered and are before the court. The motion for summary judgment was amended to show that it is a request for summary judgment against both defendants. Plaintiff's petition and controverting affidavit were amended so as to claim a right to sue under subdivision 23 of article 1995.

S.W.2d 209 (Tex.Civ.App.—Texarkana 1957, writ dism'd); *Bryant v. Kimmons*, 430 S.W.2d 73 (Tex.Civ.App.—Austin 1968, no writ).

In the absence of findings of fact or conclusions of law the judgment overruling the plea of privilege implies all necessary fact findings in support of the judgment. *Skidmore v. Finley*, 396 S.W.2d 952 (Tex.Civ.App.—Dallas 1965, no writ). In seeking to determine whether there is any evidence to support same, and the implied findings of fact incident thereto, it is proper to consider only the evidence most favorable to the issue, and to disregard entirely that which is opposed to it. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); *Faulk v. Futch*, 147 Tex. 253, 214 S.W.2d 614 (1948); *Skidmore v. Finley*, 396 S.W.2d 952 (Tex.Civ.App.—Dallas 1965, no writ).

A party may sustain venue under subdivision 23 if some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, accrued in the county where the suit against the corporation was brought. *Stone Fort Nat'l Bank v. Forbess*, 126 Tex. 568, 91 S.W.2d 674 (1936); *Associates Inv. Co. v. Tyler*, 378 S.W.2d 717 (Tex. Civ.App.—San Antonio 1964, no writ); *Maynard Hill, Inc. v. Smith*, 534 S.W.2d 733, 736 (Tex.Civ.App.—Waco 1976, no writ). The record sufficiently supports the presumed findings of the trial court that the cause of action or a part thereof arose in Kerr County, Texas, the county where the suit was brought. The trial court properly held that venue is maintainable in Kerr County under subdivision 23. The court did not err in overruling defendant's plea of privilege. The order of the trial court overruling the plea of privilege is affirmed.

Summary judgment was entered that plaintiff recover from defendant the sum of $4,855.37. Defendant's first point of error attacking the summary judgment asserts that the trial court erred in granting plaintiff's motion for summary judgment because plaintiff's original petition did not constitute an adequate or sufficient sworn account. Appellants' primary contention is that the statement attached to plaintiff's original petition and to plaintiff's motion for summary judgment was not sufficiently itemized to entitle him to a summary judgment on a sworn account.[4]

4. The statement is set forth in full as follows:

STATEMENT

# W-W Services
404 JUNCTION HIGHWAY
P.O. BOX 517
INGRAM, TEXAS 78025
512-367-2390

Louis D. Gallini
2235 Darrington
Dallas, Texas 75228

Ref. Lots #16 & #17, Antelope Trail,
Riverhill Club & Estate

| DATE | DESCRIPTION | CHARGES | CREDITS | BALANCE |
|------|-------------|---------|---------|---------|
| | Balance due from Statement of Feb. 1, 1979 | | | $1,542.86 |
| | #16 – Rock wall in front. labor & material. --- | 175 85 | | |
| | Finish Work | 1108 33 | | $1,284.18 |
| | #17 – Rock Wall between #17 & #18 Labor & mat | 165.60 | | |
| | Finish Work | 1662.73 | | $1,828.33 |
| | Total Due 10-1-79 | | | $4,655.37 |

Pay last amount
in balance column

■ The account must show on its face with reasonable certainty the nature of each item sold, the date of each sale and the reasonable charge therefor in order to support a summary judgment on a sworn account under Tex.R.Civ.P. 185. *Haecker v. Santa Rosa Medical Center*, 609 S.W.2d 879 (Tex.Civ.App.—San Antonio 1980, no writ); *Boots, Inc. v. Tony Lama Co.*, 584 S.W.2d 583 (Tex.Civ.App.—Beaumont 1979, no writ); *Unit, Inc. v. Ten Eyck-Shaw, Inc.*, 524 S.W.2d 330 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.); *Biscamp v. Zeno Carpet Co.*, 473 S.W.2d 218 (Tex.Civ.App.—Beaumont 1971, no writ).

In *Ward v. Johnston*, 593 S.W.2d 422 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ) the court stated:

> Tex.R.Civ.P. 185 is a rule of evidence which, when its requirements are met, allows a party to establish a prima facie case of indebtedness on the sworn pleadings and affidavits. The Rule states that the claim for goods or services must be systematically recorded, and the cases construing this requirement have held that the account must be itemized in detail to insure certainty. The court in *Unit, Inc. v. Ten Eyck-Shaw, Inc.*, 524 S.W.2d 330 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.), held that the account must show on its face with reasonable certainty the nature of each item sold, the date of each sale and the reasonable charge therefor.

*Id.* at 423. The court in *Ward* held that plaintiff's proof lacked sufficient itemization to entitle him to summary relief under Rule 185 stating: "Because plaintiff failed to prove a prima facie case by his pleadings, appellant's general denial was sufficient to put into issue all material facts alleged. Plaintiff's failure to demonstrate as a matter of law the lack of material fact issues precludes the rendition of summary judgment in his favor." *Id.* at 423.

■ We have concluded that the account sued on is not sufficiently stated to consti-tute prima facie evidence of a sworn account under Rule 185. The statement under consideration contains some charges which are itemized, however, an item of $1,542.86 clearly is not sufficiently itemized since the only description for that amount is that it is a balance from a previous statement. The previous statement is not attached and the court has no way of knowing what services or matters are represented by such a charge. We hold that plaintiff's original sworn petition did not constitute a sufficient sworn account.

■ Plaintiff, the summary judgment movant, had the burden to establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). This he failed to do. Plaintiff's failure to demonstrate as a matter of law the lack of material fact issues precluded the rendition of summary judgment in his favor. Appellant's point of error that the trial court erred in granting plaintiff's motion for summary judgment is sustained.[5]

The judgment of the trial court overruling defendant's plea of privilege is affirmed. The judgment of the trial court granting plaintiff's motion for summary judgment is reversed and the cause is remanded to the trial court.

---

5. In view of our holding herein, we do not deem it necessary to discuss defendant's other points of error.