

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00006-CV

_____

DAVID SCHUM, Appellant

V.

MUNCK WILSON MANDALA, LLP, Appellee

On Appeal from the 193rd District Court
Dallas County, Texas
Trial Court No. DC-14-13841

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

# O P I N I O N

After the trial court granted Munck Wilson Mandala, LLP's (Munck), motion for partial summary judgment, Munck nonsuited the remainder of its claims against David Schum, and the order granting Munck partial summary judgment became the final judgment of the trial court. In its order, the 193rd Judicial District Court of Dallas County[1] granted Munck's summary judgment against Schum on its claims for breach of contract and sworn account and awarded damages and attorney fees. In this appeal, Schum contends (1) that the trial court erred in granting summary judgment and (2) that the trial court abused its discretion in awarding attorney fees. We find that there remain issues of materal fact and reverse the judgment of the trial court.

## I.      Background

Schum retained Munck to represent him for the preparation and filing of a non-provisional United States patent application for a wind turbine, pursuant to an engagement letter dated June 3, 2011 ("the Patent Application Matter").[2] Munck completed and filed the patent application within one month and thereafter periodically followed up on the status of the application. Munck sent invoices to Schum for the services it performed and the expenses it incurred in representing Schum. After Schum failed to pay the invoices, Munck made written demand for payment, and, when Schum still failed to pay the invoices, Munck filed suit seeking judgment against Schum for breach

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]At the time of the engagement letter and some of the legal services performed by Munck, the name of its limited liability partnership was "Munck Carter, LLP," but during the course of its representation of Schum, Munck changed the name of its partnership to "Munck Wilson Mandala, LLP."

of contract and on a sworn account, as well as several other causes of action that were later abandoned. Initially, Schum filed a general denial, but later filed a first amended answer containing a verified denial of the sworn account.

After a hearing on its first motion for summary judgment,[3] Munck filed a second motion for summary judgment on its breach of contract and sworn account claims. In support of its motion for summary judgment, Munck attached, *inter alia*, the affidavit of Ted P. Ainsworth, its finance director, and copies of its invoices that purported to reflect its fees and expenses related to the representation of Schum in the Patent Application Matter. The total amount of fees and expenses claimed by Munck for the Patent Application Matter, according to Ainsworth's affidavit and Munck's statement of account, was $8,453.89. Munck also attached the affidavit of one of its attorneys, Jeffrey S. Carona, who stated that his hourly rate was $205.00, that the hourly rate of his overseeing partner was $350.00, and that attorneys in the firm had spent "in excess of ten (10) hours" in attempting to collect the amount owed by Schum. Nevertheless, Carona expressed his opinion that a reasonable attorney fee for prosecuting the case would be $6,500.00, that $5,000.00 would be a reasonable attorney fee if an appeal to the Court of Appeals was successfully defended, and that $3,500.00 would be a reasonable attorney fee for services in the Texas Supreme Court. Based on this evidence, the trial court granted summary judgment on Munck's breach of contract

---

[3]In his brief, Schum states that a hearing on the first motion for summary judgment was held on July 13, 2015. The record does not reflect the trial court's ruling, if any, at that hearing.

3

and sworn account causes of action and awarded damages of $8,453.89, attorney fees of $6,500.00 through trial, and attorney fees of $8,000.00 in the event of an unsuccessful appeal.[4]

On appeal, Schum asserts (1) that the trial court erred in granting partial summary judgment[5] and (2) that the trial court abused its discretion in awarding attorney fees to Munck. Since we agree that the trial court erred in granting partial summary judgment, we do not address Schum's second point of error.

## II.    Standard of Review

A traditional motion for summary judgment may only be granted when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Rhine v. Priority One Ins. Co.*, 411 S.W.3d 651, 657 (Tex. App.—Texarkana 2013, no pet.). We review the grant of a motion for summary judgment de novo "to determine whether a party's right to prevail is established as a matter of law." *Lamar Corp. v. City of Longview*, 270 S.W.3d 609, 613 (Tex. App.—Texarkana 2008, no pet.); *see Nash v. Beckett*, 365 S.W.3d 131, 136 (Tex. App.—Texarkana 2012, pet. denied) (citing *Mann*, 289 S.W.3d at 848). On appeal, the burden remains with the movant to show that there is no material fact issue and that the movant is entitled to judgment as a matter of law. *Limestone Prods. Distribution, Inc. v. McNamara*, 71 S.W.3d 308,

---

[4]Although Munck was awarded appellate attorney fees of $8,000.00, we note that it neglected to file a brief in this appeal.

[5]Schum's first point of error is that the trial court erred in granting partial summary judgment. Such a point is sufficient "to allow argument as to all the possible grounds upon which summary judgment should have been denied." *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). In his brief, Schum sufficiently argued that fact questions remained that would preclude summary judgment under both the breach of contract and sworn account bases recited in the trial court's judgment.

311 (Tex. 2002) (per curiam); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). In our review of the grant of a traditional summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *McNamara*, 71 S.W.3d at 311; *Steel*, 997 S.W.2d at 223; *Rhine*, 411 S.W.3d at 657.

Typically, the nonmovant's "written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). However, even if the nonmovant does not raise the grounds in his response, if the grounds expressly raised by the movant in his motion are legally insufficient, the trial court may not grant summary judgment. *See id.* As the Supreme Court has explained,

> The trial court may not grant a summary judgment by default . . . when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law.

*Id.* (footnote omitted).

### III.    Analysis

In this case, the trial court granted partial summary judgment on Munck's breach of contract and sworn account causes of action. In order to establish its claim for breach of contract, Munck had to come forward with competent summary judgment proof (1) that there was a valid contract, (2) that Munck had performed under the contract, (3) that Schum breached the contract, and (4) that Munck suffered damages as a result. *See Petras v. Criswell*, 248 S.W.3d 471, 477

5

(Tex. App.—Dallas 2008, no pet.).  A suit on a sworn account is based in Rule 185.  *See* TEX. R. CIV. P. 185.  "Rule 185 . . . . is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery."  *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979) (citing *Meaders v. Biskamp*, 316 S.W.2d 75 (Tex. 1958)).  Rule 185 provides that if an action "is founded on an open account . . . on which a systematic record has been kept, and is supported by [an] affidavit of the party, his agent or attorney," then the account "shall be taken as prima facie evidence."  TEX. R. CIV. P. 185.  If "the defendant fails to file a sworn denial of the account, no further evidence is required."  *Brown Found. Repair & Consulting, Inc. v. Friendly Chevrolet Co.*, 715 S.W.2d 115, 116 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (citing *Airborne Freight Corp. v. CRB Mktg., Inc.*, 566 S.W.2d 573, 575 (Tex. 1978) (per curiam)).  However, when the defendant timely files a verified denial of the correctness of the account,[6] the evidentiary effect of the sworn account is destroyed, and the plaintiff must present further proof of his claim.  *Rizk*, 584 S.W.2d at 862; *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821,

---

[6]Schum timely filed his first amended answer containing the following denial of the sworn account:  "In the alternative and if necessary, in compliance with the Texas Rules of Civil Procedure Rule 93(10) and Rule 185, Defendant denies the sworn account claims of Plaintiff.  The fee billings introduced by Plaintiff are inflated and inaccurate and do not reflect work that was performed."  It also contained a verification that "the Answer is in every statement and allegation thereof true and correct and is made based upon my personal knowledge."  In addition, he attached his affidavit in which he swore that the invoices "are inflated and inaccurate and do not reflect work that was performed for Defendant by the Plaintiff" and denied that he owed "the sworn account amount claimed by the Plaintiff."  Under Rule 185, no particular form is required for the sworn denial.  *Canter v. Easley*, 787 S.W.2d 72, 74 (Tex. App.—Houston [1st Dist.] 1990, writ denied).  It is sufficient that the affidavit recite under oath that the factual statements contained in the answer are true and correct and that it is based on the affiant's personal knowledge.  *See Rizk*, 584 S.W.2d at 862–63 (affidavit that stated that "the facts and statements contained [in the answer] are true and correct of [affiant's] own personal knowledge" sufficient verified denial under Rule 185); *Canter*, 787 S.W.2d at 73–74 (affidavit that stated that "all of the allegations and statements of fact contained in [defendant's original answer] are true and correct" meets the requirements of Rule 185); *Norcross v. Conoco, Inc.*, 720 S.W.2d 627, 629–30 (Tex. App.—San Antonio 1986, no writ) (affidavit that recited that affiant "has read and fully understands that above and foregoing allegations set out in paragraph II of Defendant's First Amended Original Answer" and that "from personal knowledge that said allegations are true and correct" sufficient verified denial under Rule 185).  We find Schum's verified denial of the account meets the requirements of Rule 185.

6

833 (Tex. App.—Dallas 2014, no pet.); *So. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 354 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Norcross*, 720 S.W.2d at 629–30. If a verified denial has been filed, a plaintiff may still prevail on a motion for summary judgment if he presents competent summary judgment evidence showing that he is entitled to judgment as a matter of law. *Woodhaven Partners, Ltd.*, 422 S.W.3d at 834.

In support of its motion for summary judgment on its breach of contract and sworn account claims, Munck filed Ainsworth's affidavit stating that Schum had retained it to represent him regarding the preparation and filing of a United States nonprovisional patent application related to a wind turbine and that Schum had entered into a written engagement agreement for that representation. It also attached a copy of the written engagement letter, signed by both Schum and William A. Munck, on behalf of Munck, which also stated that the representation was for this same purpose. Ainsworth also swore that the invoices attached as Exhibit C to the motion for summary judgment were for legal services it performed and expenses it incurred pursuant to the engagement agreement and that the total amount of the invoices that remained unpaid was $8,453.89. As part of its Exhibit C, Munck attached a statement of account summarizing the date, number, and amount due on each invoice as follows:

Statement of Account
David Schum

| Inv Date | Inv # | Amt Due |
|----------|-------|---------|
| 7/31/2011 | 153786 | $6,159.38 |
| 9/15/2011 | 155596 | 151.08 |
| 1/31/2012 | 160027 | 26.00 |
| 2/29/2012 | 161104 | 131.68 |
| 3/30/2012 | 162567 | 195.80 |

7

| 6/30/2012 | 164110 | 197.00 |
| 7/11/2012 | 164446 | 922.95 |
| 4/30/2013 | 182806 | 670.00 |

$8,453.89

To support a summary judgment based on a suit on a sworn account, the "account must show on its face with reasonable certainty the nature of each item sold, the date of each sale and the reasonable charge therefor." *Gallini v. Whelan*, 625 S.W.2d 755, 760 (Tex. App.—San Antonio 1981, no writ). The statement of account does not show the nature of the services rendered and, thus, would not, of itself, support a summary judgment on a sworn account. *See id.* In addition, there is nothing in the statement of account that unequivocally shows that the charges were incurred pursuant to the engagement agreement, i.e., the contract sued upon, and therefore it would not, of itself, support summary judgment for breach of contract.

Munck also attached copies of the invoices listed on the statement of account in Exhibit C. The first six listed invoices and the last invoice each shows that the invoice is charged to Schum, reflects an account number of "SCHU01 00002," and refers to the file as "IN RE: United States Patent Application for 'Wind Turbine.'" In addition, each of these invoices contains recitations of professional services performed that are clearly related to the preparation and filing of the patent application, notices received from the patent office, and communications with Schum regarding the application and related issues.

However, the seventh invoice, invoice number 164446, shows that it is charged to Schum, but reflects an account number of "SCHU01 00001" and refers to the file as "IN RE: General Intellectual Property Matters." Further, the entry for the services rendered states, "Review

8

documents and draft demand letter; communicate with Schum regarding payment." The invoice also reflects expenses of $6.60 for photocopying and $6.35 for postage, with a total amount for fees and expenses charged on the invoice of $922.95. Since this invoice recites a different account number, refers to a different matter, and details professional services that are not clearly related to the Patent Application Matter, a reasonable inference is that these fees and expenses were not incurred pursuant to the engagement agreement, but rather in an attempt to collect other unpaid fees and expenses from Schum. Thus, since the $922.95 charge under this invoice was included in the $8,453.89 that Munck claimed was owed under its breach of contract and sworn account claims, Munck's summary judgment proof would not support a damage award of $8,453.89.

Therefore, material fact issues remain regarding whether all of the fees and expenses that Munck sought to recover in its breach of contract and sworn account causes of action were incurred pursuant to the engagement agreement. We hold that the trial court erred in granting Munck's motion for summary judgment.

We reverse the judgment of the trial court and remand this cause to the trial court for a new trial.


Bailey C. Moseley
Justice


Date Submitted:     April 4, 2016
Date Decided:       June 9, 2016


9