Edna **BURGHART**, Appellant,

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY**, Appellee.

No. 6–90–072–CV.

Court of Appeals of Texas, Texarkana.

March 19, 1991.

Rodney Merwin, Houston, for appellant.

Gregory M. Sullivan, Kenneth G. Engerrand, Brown, Sims, Wise & White, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Edna Burghart appeals from the trial court's granting of a summary judgment in favor of Connecticut General Life Insurance Company. The primary question on appeal is whether a genuine issue of material fact exists as to whether Burghart's state law claims against the insurance company were preempted by federal law. We determine that summary judgment was improper because a fact issue exists as to whether the insurance plan is a plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001–1461 (West 1985 & Supp.1990); furthermore, summary judgment should not have been granted because a cause of action was stated under ERISA even if that Act preempted the causes of action under state law. Therefore, we reverse the judgment and remand the cause for trial.

Burghart worked at Foley's, a division of Federated Department Stores. Through her employment, she purchased a long-term disability insurance policy with Connecticut General. Thereafter, she became disabled and demanded payment pursuant to the policy. Connecticut General denied liability and refused to pay. Burghart sued, alleging violations of the Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon 1987), and Article 21.21 of the Texas Insurance Code, Tex.Rev.Civ.Stat. Ann. art. 21.21 (Vernon 1981 & Supp.1991). Connecticut General thereafter filed a motion for summary judgment, alleging that Burghart's claims were preempted by the provisions of ERISA. The trial court

granted Connecticut General's motion for summary judgment, and Burghart now appeals.

Burghart contends that the trial court improperly granted summary judgment, since a genuine issue of material fact existed as to whether her claims under the DTPA and the Texas Insurance Code were in fact preempted by ERISA. In a motion for summary judgment, the moving party has the burden of establishing that there is no genuine issue of material fact concerning its claim, and that it is entitled to judgment as a matter of law. *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). A motion for summary judgment may be granted on pleadings, admissions, affidavits, or stipulations of a party which show that the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or in any other response. TEX.R.CIV.P. 166a(c). However, proof in support of a summary judgment must be independent of the pleadings. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Connecticut General's claim that Burghart's state law claims were preempted by ERISA was the sole ground raised in its motion for summary judgment.

■ In support of its position that Burghart's claims were preempted by ERISA, Connecticut General presented two affidavits. The first was the affidavit of Doreen Leibovitz. In her affidavit, Leibovitz attests to her employment at Foley's and her familiarity with benefit programs offered by the company. Additionally, she identifies the existence of each of the five elements that are necessary in order for a plan to be governed by ERISA. These elements are: that the plan is in existence; the plan is maintained by the employer; the plan provides long-term disability benefits to its participants; the plan is an insured employee welfare benefit plan; and that it was established pursuant to the provisions of ERISA. *Kanne v. Connecticut Gen. Life Ins. Co.,* 859 F.2d 96, 98 (9th Cir.1988); *see also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44–45, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987); *see generally Cathey v. Metropolitan Life Ins. Co.,* 764 S.W.2d 286 (Tex.App.—Houston [1st Dist.] 1988), *aff'd,* 805 S.W.2d 387 (Jan. 30, 1991).[1] Additionally, Leibovitz asserts that the plan was assigned an identification number by the United States Department of Labor. Finally, she attests that each of the statements were made with personal knowledge and as a result of her years of employment as vice president with Foley's and her responsibilities pertaining to benefits. Additionally, Connecticut General submitted the affidavit of Norman Ballmer. Ballmer attests that he is an employee of Connecticut General and that the plan was established by Federated Department Stores pursuant to the guidelines of ERISA.

■ In contravention to Connecticut General's summary judgment proof, Burghart submitted her own affidavit. She attests that the plan cannot be construed as an employee welfare benefit plan within the meaning of ERISA. She asserts that the disability insurance that she purchased from Connecticut General falls within a specific exception to ERISA's definition of employee welfare benefit plans. She states that: no contributions were made by her employer; her participation in the program was voluntary; the sole function of

---

1. The facts in *Cathey v. Metropolitan Life Ins. Co.,* 764 S.W.2d 286 (Tex.App.—Houston [1st Dist.] 1988, *aff'd,* 805 S.W.2d 387 (1991), as recited by the supreme court, highlight the difference between that case and this. There, the employee was told that he was covered by a plan. There is no indication that the employee signed up for the plan or paid for the insurance, as was the situation here. According to the opinion, there was never any question that the plan provided to Cathey and his wife was an "employee benefit plan." *Cathey v. Metropolitan Life Ins. Co.,* 805 S.W.2d at 390. These factual distinctions are critical. The purpose of ERISA was to reserve to the federal government the power to regulate the field of employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). Here, according to the evidence favoring the nonmovant, the employee signed up for the policy herself, paid the premiums, and no contributions were made by her employer. The plan here was not shown to be an employee benefit plan and no ERISA purpose seems to be served by virtue of this plan.

her employer with respect to the program was to collect premiums through payroll deductions; and that, to the best of her knowledge, Federated Department Stores received no consideration for any of their actions. These are the provisions that are specifically required by the Department of Labor in order to create an exception to ERISA. *Kanne v. Connecticut Gen. Life Ins. Co.,* 859 F.2d at 98–99, *citing* 29 C.F.R. § 2510.3–1(j) (1987). The purchase of insurance, without any of the elements required by ERISA, does not by itself constitute an ERISA plan. *See Donovan v. Dillingham,* 688 F.2d 1367, 1375 (11th Cir. 1982) (en banc).

 Whether a plan is in fact an ERISA plan is a question of fact to be answered in light of all the surrounding facts and circumstances. *Kanne v. Connecticut Gen. Life Ins. Co.,* 859 F.2d at 98; *Credit Managers Ass'n v. Kennesaw Life & Accident Ins.,* 809 F.2d 617, 625 (9th Cir.1987); *see generally* Bishop & Denney, *Hello ERISA, Good-bye Bad Faith: Federal Pre-emption of DTPA, Insurance Code, and Common Law Bad Faith Claims,* 41 BAYLOR L. REV. 267, 289 (1989). Burghart presented sufficient evidence opposing Connecticut General's motion for summary judgment to raise an issue of material fact as to whether the insurance plan is covered by ERISA.

Furthermore, even if we were wrong in concluding that there was a fact question as to whether this plan was covered by ERISA, and even if as a matter of law this were an ERISA plan, we still would reverse and remand the cause. Burghart has pled general causes of action. Pleadings are to be construed so as to do substantial justice. TEX.R.CIV.P. 45. Here, Burghart has alleged the existence of a disability insurance policy, and she has alleged that she is disabled and entitled to benefits. Under the evidence presented on summary judgment, she is entitled to present her case to a jury and to recover

under either ERISA or state law. Any other holding would violate the letter and spirit of TEX.R.CIV.P. 1. That rule provides that the objective of the Rules of Civil Procedure is to obtain a just, fair and equitable adjudication of the legal rights of the litigants. It further provides that to the end that this objective may be attained, the rules are to be given a liberal construction.[2]

We reverse the summary judgment and remand the cause for trial.

---

2. TEX.R.CIV.P. 1 provides:
   The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.