TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00500-CV







Steve Wimberly, Individually and d/b/a Erection Company, and


300 Baylor, Inc., Appellants




v.




Fritz, Byrne & Head, L.L.P., Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 248,886, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







Fritz, Byrne & Head, L.L.P. ("the Firm") commenced this collection suit regarding
fees and expenses for legal services rendered to Steve Wimberly both individually and doing
business as Erection Company and 300 Baylor, Inc. (collectively "Wimberly"). See Tex. R. Civ. P.
185. After Wimberly answered by filing a general denial, the Firm moved for summary judgment.
Wimberly then filed an amended answer and verified denial. The trial court granted the Firm's
summary judgment motion. We will reverse the judgment and remand the cause to the trial court
for further proceedings.


Factual and Procedural Background


On December 20, 1999, the Firm filed an original, unverified petition claiming that
Wimberly executed an engagement agreement whereby it would pay the Firm for fees and expenses
incurred in connection with the Firm's legal representation of Wimberly. The Firm attached a copy
of the engagement agreement signed by Steve Wimberly and Ronald Houdyshell, a partner on behalf
of the Firm. The engagement agreement provided the underlying basis for the charges and the work
to be performed by setting out hourly rates for various law firm employees as well as charges for
different services that might be rendered by the Firm on Wimberly's behalf. The Firm claimed that
it performed legal services for Wimberly from March 1997 through August 1998, that Wimberly
accepted these services and that the Firm kept a systematic record of these transactions and billed
Wimberly accordingly. The Firm attached an affidavit from Marilynn Thompson, the law firm's
administrator, stating that the amount of the account is due by Wimberly and that all just and lawful
offsets, payments, and credits have been allowed. Attached to Thompson's affidavit were summaries
of Wimberly's statements of account. The Firm claimed that Wimberly defaulted in making
payments on the account and that in 1998 and 1999 the Firm sent Wimberly reminder notices of past
due amounts owed. The Firm claimed that on October 14, 1999, it sent Wimberly a demand letter
requesting $46,071.24 as payment in full and withdrew all previous settlement offers. The Firm
attached a copy of the October 14 demand letter to its petition. The Firm also requested that
Wimberly pay its attorney's fees made necessary by Wimberly's default and the filing of the
underlying cause.

On January 11, 2000, Wimberly filed a general denial. On April 24, the Firm filed
a motion for summary judgment. As its only summary judgment proof, the Firm submitted the same
affidavit from Thompson and the same account summaries submitted with the original unverified
petition and an affidavit from Bruce Perkins in support of the Firm's request for attorney's fees
incurred in this action to collect the unpaid sums. The Firm contended as its basis for the motion
that Wimberly failed to comply with the requirements of Texas Rules of Civil Procedure 93(10) and
185 in that the general denial was unverified and did not specifically deny the account. The Firm
also alleged that it was entitled to judgment on its claim against Wimberly as a matter of law because
there were no genuine issues about any material facts.

On June 9, Wimberly filed a first amended answer and verified denial in which it
specifically denied each and every item in the Firm's sworn account. On June 20, Wimberly
responded to the Firm's summary judgment motion alleging generally that the Firm did not carry its
burden of proof on all the elements of its sworn account because there was no evidence to support
or explain the services provided, whether the services were provided in connection with a specific
agreement, and what the terms were of such an agreement. (1) Although Wimberly objected to
Thompson's affidavit, it tendered no controverting proof. On June 26, the trial court granted
judgment in favor of the Firm, ruling that the Firm recover from Wimberly $46,071.29 as the total
amount due, plus prejudgment and postjudgment interest, and attorney's fees.


Discussion


Rule 185 of the Texas Rules of Civil Procedure sets out the criteria for a suit on
account and defines an open account to include "any claim . . . for personal services rendered." Tex.
R. Civ. P. 185. Under this rule, a plaintiff's petition on a sworn account must contain a systematic,
itemized statement of the goods or services sold, reveal offsets made to the account, and be
supported by an affidavit stating the claim is within the affiant's knowledge, and that it is "just and
true." Powers v. Adams, 2 S.W.3d 496, 498 (Tex. App.--Houston [14th Dist.] 1999, no pet.). A
defendant's denial must be written and supported by an affidavit denying the account. Tex. R. Civ.
P. 93(10). When a defendant files a sworn denial of the plaintiff's account in the form required by
Rule 185, the evidentiary presumption afforded the plaintiff's petition and affidavit is destroyed and
the plaintiff is forced to introduce proof of its claim. Id. (citing Roberts Express, Inc. v. Expert
Transp., Inc., 842 S.W.2d 766, 770 (Tex. App.--Dallas 1992, no writ)). Once a defendant files a
verified denial in a sworn account action, a plaintiff must present summary judgment proof
establishing the following:


(1) the sale and delivery of merchandise or performance of services;


(2) that the amount of the account is "just," that is, the prices charged are pursuant
to an express agreement, or in the absence of an agreement, that the charges are
usual, customary, or reasonable; and 


(3) that the outstanding amounts remain unpaid.


Superior Derrick Servs., Inc. v. Anderson, 831 S.W.2d 868, 872 (Tex. App.--Houston [14th Dist.]
1992, writ denied).

Here, the Firm filed the underlying cause seeking to collect unpaid attorney's fees and
expenses for services it rendered to Wimberly pursuant to Texas Rule of Civil Procedure 185. After
Wimberly filed a verified denial, the Firm was required to present proof of its claim. (2) See Powers,
2 S.W.3d at 499. A party moving for summary judgment must establish its right to judgment on the
issues expressly presented to the trial court by conclusively proving all elements of its cause of action
as a matter of law. Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). When evaluating
a summary judgment, the appellate court indulges every reasonable inference and resolves all doubts
in favor of the non-movant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).

We determine whether the Firm's summary judgment motion and proof, all of which
was submitted before Wimberly filed the verified denial, showed as a matter of law that the Firm was
entitled to judgment on the account.

The Firm's only basis for judgment was its allegation that Wimberly had not filed a
verified denial and there were no material facts in dispute. It never amended the motion after a
verified denial was filed. Summary judgment must stand or fall on the grounds alleged in the
motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). In addition,
the parties' letter agreement which is the only underlying basis for the Firm's charges, was attached
to the Firm's petition. The summary judgment motion does not refer to the letter agreement and,
more importantly, the letter agreement was never presented as summary judgment proof. Although
the letter agreement was attached to and incorporated into the Firm's unverified petition, pleadings
do not qualify as competent summary judgment proof. Laidlaw Waste Sys., Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995); Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540, 543-44
(Tex. 1971). Proof in support of a summary judgment motion must be independent of the pleadings. 
Burghart v. Connecticut Gen. Life Ins. Co., 806 S.W.2d 324, 326 (Tex. App.--Texarkana 1991, writ
denied). Pleadings serve to outline the issues, but they are not evidence. Shawell v. Pend Oreille
Oil & Gas Co., 823 S.W.2d336, 338 (Tex. App.--Texarkana 1991, writ denied). (3) 

Finally, while the Firm included brief summaries of Wimberly's account as summary
judgment proof, these summaries reflect only various balances and are not itemized to show the
underlying charges and the corresponding work performed by employees of the Firm. See Gallini
& Assocs. v. Whelan, 625 S.W.2d 755, 760 (Tex. App.--San Antonio 1981, no writ) (face of account
must show with reasonably certainty nature of each item, date of each sale, and reasonable charge
therefor to support summary judgment on account).

We hold that the Firm has failed to show as a matter of law that it is entitled to
judgment on Wimberly's account. Wimberly's first issue is sustained. The judgment of the trial
court is reversed and the cause is remanded to the trial court for further proceedings.





Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed: July 26, 2001

Do Not Publish 

1.   The clerk's record reflects that Wimberly's response was filed late--six days before the
summary judgment hearing. See Tex. R. Civ. P. 166a(c) (except on leave of court, response to
summary judgment motion must be filed not later than seven days before hearing date). Although
Wimberly argues on appeal that the response was timely mailed, there is no proof in the clerk's
record that shows that fact. The trial court, therefore, may not have considered Wimberly's response.
We will assume, however, that the trial court considered Wimberly's response. The issue on appeal
relates primarily to whether in its motion the Firm proved itself entitled to judgment as a matter of
law.
2.   Only on appeal does the Firm contend that Wimberly's verified denial was substantively
insufficient to rebut the Firm's prima facie evidence of the debt. The Firm contends that we may
on that basis affirm the summary judgment. The Firm did not present this contention to the district
court. See Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992) (summary judgment cannot
be affirmed on ground not specifically presented in summary judgment motion).
3.   Additionally, to the extent the Firm relies on the letter agreement, there is no supporting
affidavit regarding the letter agreement in the record. A party seeking to rely on a document that is
not self-authenticating must support the document with an affidavit to prove it is a true copy of the
original. Banowsky v. State Farm Mut. Auto. Ins. Co., 876 S.W.2d 509, 513 (Tex. App.--Amarillo
1994, no writ). 


denial, showed as a matter of law that the Firm was
entitled to judgment on the account.

The Firm's only basis for judgment was its allegation that Wimberly had not filed a
verified denial and there were no material facts in dispute. It never amended the motion after a
verified denial was filed. Summary judgment must stand or fall on the grounds alleged in the
motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). In addition,
the parties' letter agreement which is the only underlying basis for the Firm's charges, was attached
to the Firm's petition. The summary judgment motion does not refer to the letter agreement and,
more importantly, the letter agreement was never presented as summary judgment proof. Although
the letter agreement was attached to and incorporated into the Firm's unverified petition, pleadings
do not qualify as competent summary judgment proof. Laidlaw Waste Sys., Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995); Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540, 543-44
(Tex. 1971). Proof in support of a summary judgment motion must be independent of the pleadings. 
Burghart v. Connecticut Gen. Life Ins. Co., 806 S.W.2d 324, 326 (Tex. App.--Texarkana 1991, writ
denied). Pleadings serve to outline the issues, but they are not evidence. Shawell v. Pend Oreille
Oil & Gas Co., 823 S.W.2d336, 338 (Tex. App.--Texarkana 1991, writ denied). (3) 

Finally, while the Firm included brief summaries of Wimberly's account as summary
judgment proof, these summaries reflect only various balances and are not itemized to show the
underlying charges and the corresponding work performed by employees of the Firm. See Gallini
& Assocs. v. Whelan, 625 S.W.2d 755, 760 (Tex. App.--San Antonio 1981, no writ) (face of account
must show with reasonably certainty nature of each item, date of each sale, and reasonable charge
therefor to support summary judgment on account).

We hold that the Firm has failed to show as a matter of law that it is entitled to
judgment on Wimberly's account. Wimberly's first issue is sustained. The judgment of the trial
court is reversed and the cause is remanded to the trial court for further proceedings.





Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed: July 26, 2001

Do Not Publish 

1.   The clerk's record reflects that Wimberly's response was filed late--six days before the
summary judgment hearing. See Tex. R. Civ. P. 166a(c) (except on leave of court, response to
summary judgment motion must be filed not later than seven days before hearing date). Although
Wimberly argues on appeal that the response was timely mailed, there is no proof in the clerk's
record that shows that fact. The trial court, therefore, may not have considered Wimberly's response.
We will assume, however, that the trial court considered Wimberly's response. The issue on appeal
relates primarily to whether in its motion the Firm proved itself entitled to judgment as a matter of
law.
2.   Only on appeal does the Firm contend that Wimberly's verified denial was substantively
insufficient to rebut the Firm's prima facie evidence of the debt. The Firm contends that we may
on that basis affirm the summary judgment. The Firm did not present this contention to the district
court. See Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992) (summary judgment cannot
be affirmed on ground not specifically presented in summary judgment motion).
3.   Additionally, to the extent the Firm relies on the letter agreement, there is no supporting
affidavit regarding the letter agreement in the record. A party seeking to rely on a document that is
not self-authenticating must support the document with an affidavit to prove it is a true copy of the
original. Banowsky v. State Farm Mut. Auto. Ins. Co.sented in summary judgment motion).
3.   Additionally, to the extent the Firm relies on the letter agreement, there is no supporting
affidavit regarding the letter agreement in the record. A party seeking to rely on a document that is
not self-authenticating must support the document with an affidavit to prove it is a true copy of the
original. Banowsky v. State Farm Mut. Auto. Ins. Co.R1">


NO. 03-00-00500-CV







Steve Wimberly, Individually and d/b/a Erection Company, and


300 Baylor, Inc., Appellants




v.




Fritz, Byrne & Head, L.L.P., Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 248,886, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







Fritz, Byrne & Head, L.L.P. ("the Firm") commenced this collection suit regarding
fees and expenses for legal services rendered to Steve Wimberly both individually and doing
business as Erection Company and 300 Baylor, Inc. (collectively "Wimberly"). See Tex. R. Civ. P.
185. After Wimberly answered by filing a general denial, the Firm moved for summary judgment.
Wimberly then filed an amended answer and verified denial. The trial court granted the Firm's
summary judgment motion. We will reverse the judgment and remand the cause to the trial court
for further proceedings.


Factual and Procedural Background


On December 20, 1999, the Firm filed an original, unverified petition claiming that
Wimberly executed an engagement agreement whereby it would pay the Firm for fees and expenses
incurred in connection with the Firm's legal representation of Wimberly. The Firm attached a copy
of the engagement agreement signed by Steve Wimberly and Ronald Houdyshell, a partner on behalf
of the Firm. The engagement agreement provided the underlying basis for the charges and the work
to be performed by setting out hourly rates for various law firm employees as well as charges for
different services that might be rendered by the Firm on Wimberly's behalf. The Firm claimed that
it performed legal services for Wimberly from March 1997 through August 1998, that Wimberly
accepted these services and that the Firm kept a systematic record of these transactions and billed
Wimberly accordingly. The Firm attached an affidavit from Marilynn Thompson, the law firm's
administrator, stating that the amount of the account is due by Wimberly and that all just and lawful
offsets, payments, and credits have been allowed. Attached to Thompson's affidavit were summaries
of Wimberly's statements of account. The Firm claimed that Wimberly defaulted in making
payments on the account and that in 1998 and 1999 the Firm sent Wimberly reminder notices of past
due amounts owed. The Firm claimed that on October 14, 1999, it sent Wimberly a demand letter
requesting $46,071.24 as payment in full and withdrew all previous settlement offers. The Firm
attached a copy of the October 14 demand letter to its petition. The Firm also requested that
Wimberly pay its attorney's fees made necessary by Wimberly's default and the filing of the
underlying cause.

On January 11, 2000, Wimberly filed a general denial. On April 24, the Firm filed
a motion for summary judgment. As its only summary judgment proof, the Firm submitted the same
affidavit from Thompson and the same account summaries submitted with the original unverified
petition and an affidavit from Bruce Perkins in support of the Firm's request for attorney's fees
incurred in this action to collect the unpaid sums. The Firm contended as its basis for the motion
that Wimberly failed to comply with the requirements of Texas Rules of Civil Procedure 93(10) and
185 in that the general denial was unverified and did not specifically deny the account. The Firm
also alleged that it was entitled to judgment on its claim against Wimberly as a matter of law because
there were no genuine issues about any material facts.

On June 9, Wimberly filed a first amended answer and verified denial in which it
specifically denied each and every item in the Firm's sworn account. On June 20, Wimberly
responded to the Firm's summary judgment motion alleging generally that the Firm did not carry its
burden of proof on all the elements of its sworn account because there was no evidence to support
or explain the services provided, whether the services were provided in connection with a specific
agreement, and what the terms were of such an agreement. (1) Although Wimberly objected to
Thompson's affidavit, it tendered no controverting proof. On June 26, the trial court granted
judgment in favor of the Firm, ruling that the Firm recover from Wimberly $46,071.29 as the total
amount due, plus prejudgment and postjudgment interest, and attorney's fees.


Discussion


Rule 185 of the Texas Rules of Civil Procedure sets out the criteria for a suit on
account and defines an open account to include "any claim . . . for personal services rendered." Tex.
R. Civ. P. 185. Under this rule, a plaintiff's petition on a sworn account must contain a systematic,
itemized statement of the goods or services sold, reveal offsets made to the account, and be
supported by an affidavit stating the claim is within the affiant's knowledge, and that it is "just and
true." Powers v. Adams, 2 S.W.3d 496, 498 (Tex. App.--Houston [14th Dist.] 1999, no pet.). A
defendant's denial must be written and supported by an affidavit denying the account. Tex. R. Civ.
P. 93(10). When a defendant files a sworn denial of the plaintiff's account in the form required by
Rule 185, the evidentiary presumption afforded the plaintiff's petition and affidavit is destroyed and
the plaintiff is forced to introduce proof of its claim. Id. (citing Roberts Express, Inc. v. Expert
Transp., Inc., 842 S.W.2d 766, 770 (Tex. App.--Dallas 1992, no writ)). Once a defendant files a
verified denial in a sworn account action, a plaintiff must present summary judgment proof
establishing the following:


(1) the sale and delivery of merchandise or performance of services;


(2) that the amount of the account is "just," that is, the prices charged are pursuant
to an express agreement, or in the absence of an agreement, that the charges are
usual, customary, or reasonable; and 


(3) that the outstanding amounts remain unpaid.


Superior Derrick Servs., Inc. v. Anderson, 831 S.W.2d 868, 872 (Tex. App.--Houston [14th Dist.]
1992, writ denied).

Here, the Firm filed the underlying cause seeking to collect unpaid attorney's fees and
expenses for services it rendered to Wimberly pursuant to Texas Rule of Civil Procedure 185. After
Wimberly filed a verified denial, the Firm was required to present proof of its claim. (2) See Powers,
2 S.W.3d at 499. A party moving for summary judgment must establish its right to judgment on the
issues expressly presented to the trial court by conclusively proving all elements of its cause of action
as a matter of law. Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). When evaluating
a summary judgment, the appellate court indulges every reasonable inference and resolves all doubts
in favor of the non-movant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).

We determine whether the Firm's summary judgment motion and proof, all of which
was submitted before Wimberly filed the verified denial, showed as a matter of law that the Firm was
entitled to judgment on the account.

The Firm's only basis for judgment was its allegation that Wimberly had not filed a
verified denial and there were no material facts in dispute. It never amended the motion after a
verified denial was filed. Summary judgment must stand or fall on the grounds alleged in the
motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). In addition,
the parties' letter agreement which is the only underlying basis for the Firm's charges, was attached
to the Firm's petition. The summary judgment motion does not refer to the letter agreement and,
more importantly, the letter agreement was never presented as summary judgment proof. Although
the letter agreement was attached to and incorporated into the Firm's unverified petition, pleadings
do not qualify as competent summary judgment proof. Laidlaw Waste Sys., Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995); Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540, 543-44
(Tex. 1971). Proof in support of a summary judgment motion must be independent of the pleadings. 
Burghart v. Connecticut Gen. Life Ins. Co., 806 S.W.2d 324, 326 (Tex. App.--Texarkana 1991, writ
denied). Pleadings serve to outline the issues, but they are not evidence. Shawell v. Pend Oreille
Oil & Gas Co., 823 S.W.2d336, 338 (Tex. App.--Texarkana 1991, writ denied). (3) 

Finally, while the Firm included brief summaries of Wimberly's account as summary
judgment proof, these summaries reflect only various balances and are not itemized to show the
underlying charges and the corresponding work performed by employees of the Firm. See Gallini
& Assocs. v. Whelan, 625 S.W.2d 755, 760 (Tex. App.--San Antonio 1981, no writ) (face of account
must show with reasonably certainty nature of each item, date of each sale, and reasonable charge
therefor to support summary judgment on account).

We hold that the Firm has failed to show as a matter of law that it is entitled to
judgment on Wimberly's account. Wimberly's first issue is sustained. The judgment of the trial
court is reversed and the cause is remanded to the trial court for further proceedings.





Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed: July 26, 2001

Do Not Publish 

1.   The clerk's record reflects that Wimberly's response was filed late--six days before the
summary judgment hearing. See Tex. R. Civ. P. 166a(c) (except on leave of court, response to
summary judgment motion must be filed not later than seven days before hearing date). Although
Wimberly argues on appeal that the response was timely mailed, there is no proof in the clerk's
record that shows that fact. The trial court, therefore, may not have considered Wimberly's response.
We will assume, however, that the trial court considered Wimberly's response. The issue on appeal
relates primarily to whether in its motion the Firm proved itself entitled to judgment as a matter of
law.
2.   Only on appeal does the Firm contend that Wimberly's verified denial was substantively
insufficient to rebut the Firm's prima facie evidence of the debt. The Firm contends that we may
on that basis affirm the summary judgment. The Firm did not present this contention to the district
court. See Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992) (summary judgment cannot
be affirmed on ground not specifically presented in summary judgment motion).
3.   Additionally, to the extent the Firm relies on the letter agreement, there is no supporting
affidavit regarding the letter agreement in the record. A party seeking to rely on a document that is
not self-authenticating must support the document with an affidavit to prove it is a true copy of the
original. Banowsky v. State Farm Mut. Auto. Ins. Co., 876 S.W.2d 509, 513 (Tex. App.--Amarillo
1994, no writ). 


denial, showed as a matter of law that the Firm was
entitled to judgment on the account.

The Firm's only basis for judgment was its allegation that Wimberly had not filed a
verified denial and there were no material facts in dispute. It never amended the motion after a
verified denial was filed. Summary judgment must stand or fall on the grounds alleged in the
motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). In addition,
the parties' letter agreement which is the only underlying basis for the Firm's charges, was attached
to the Firm's petition. The summary judgment motion does not refer to the letter agreement and,
more importantly, the letter agreement was never presented as summary judgment proof. Although
the letter agreement was attached to and incorporated into the Firm's unverified petition, pleadings
do not qualify as competent summary judgment proof. Laidlaw Waste Sys., Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995); Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540, 543-44
(Tex. 1971). Proof in support of a summary judgment motion must be independent of the pleadings. 
Burghart v. Connecticut Gen. Life Ins. Co., 806 S.W.2d 324, 326 (Tex. App.--Texarkana 1991, writ
denied). Pleadings serve to outline the issues, but they are not evidence. Shawell v. Pend Oreille
Oil & Gas Co., 823 S.W.2d336, 338 (Tex. App.--Texarkana 1991, writ denied). (3) 

Finally, while the Firm included brief summaries of Wimberly's account as summary
judgment proof, these summaries reflect only various balances and are not itemized to show the
underlying charges and the corresponding work performed by employees of the Firm. See Gallini
& Assocs. v. Whelan, 625 S.W.2d 755, 760 (Tex. App.--San Antonio 1981, no writ) (face of account
must show with reasonably certainty nature of each item, date of each sale, and reasonable charge
therefor to support summary judgment on account).

We hold that the Firm has failed to show as a matter of law that it is entitled to
judgment on Wimberly's account. Wimberly's first issue is sustained. The judgment of the trial
court is reversed and the cause is remanded to the trial court for further proceedings.





Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed: July 26, 2001

Do Not Publish 

1.   The clerk's record reflects that Wimberly's response was filed late--six days before the
summary judgment hearing. See Tex. R. Civ. P. 166a(c) (except on leave of court, response to
summary judgment motion must be filed not later than seven days before hearing date). Although
Wimberly argues on appeal that the response was timely mailed, there is no proof in the clerk's
record that shows that fact. The trial court, therefore, may not have considered Wimberly's response.
We will assume, however, that the trial court considered Wimberly's response. The issue on appeal
relates primarily to whether in its motion the Firm proved itself entitled to judgment as a matter of
law.
2.   Only on appeal does the Firm contend that Wimberly's verified denial was substantively
insufficient to rebut the Firm's prima facie evidence of the debt. The Firm contends that we may
on that basis affirm the summary judgment. The Firm did not present this contention to the district
court. See Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992) (summary judgment cannot
be affirmed on ground not specifically presented in summary judgment motion).
3.   Additionally, to the extent the Firm relies on the letter agreement, there is no supporting
affidavit regarding the letter agreement in the record. A party seeking to rely on a document that is
not self-authenticating must support the document with an affidavit to prove it is a true copy of the
original. Banowsky v. State Farm Mut. Auto. Ins. Co. submitted to the jury "the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." The latter formulation allocates the respective burdens of the parties, viz:
"... In other words, the defendant has the burden of producing evidence to raise a defense, but the prosecution has the final burden of persuasion to disprove it. Ramos v. State, 478 S.W.2d 102 (Tex.Cr.App.1972)."
Practice Commentary to true copy of the
original. Banowsky v. State Farm Mut. Auto. Ins. Co.